

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2005

# Johnstown v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4700

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Johnstown v. Vora" (2005). *2005 Decisions*. Paper 1322.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1322

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-193                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4700
_____

CITY OF JOHNSTOWN

v.

CHANDAN S. VORA,

Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00207J)
District Judge: Honorable Gustave Diamond
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 31, 2005

BEFORE:   SLOVITER, NYGAARD AND FUENTES, CIRCUIT JUDGES

(Filed   April 22, 2005 )
_____

OPINION
_____

PER CURIAM

Chandan S. Vora appeals the September 9, 2004 order of the United States District

Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. §

1915(e)(2)(B) her "Notice of Removal" for lack of jurisdiction.  Vora also appeals the

October 27, 2004, and November 17, 2004 orders denying her motions to vacate.

In August 2004, Vora filed a notice of removal seeking to transfer an order of a District Judge of the Court of Common Pleas in Cambria County, Pennsylvania, authorizing the City of Johnstown to enter Dr. Vora's property and to remove any rubbish or garbage or other material that was in violation of the city's property maintenance ordinance.

In the September 9, 2004 order dismissing the removal petition, the District Court concluded that the "Notice of Removal" sought to attack a state court proceeding over which the District Court had no jurisdiction and that the pleadings failed to state a claim upon which relief could be granted. On September 13, 2004, Vora moved to vacate the dismissal of her removal action, claiming that the City wrongly adjudicated her guilty of the city ordinance and that city officials violated her civil rights. By order entered October 27, 2004, the District Court treated the motion as a reconsideration motion and denied it for the same reasons set forth in its original dismissal 2004 order. Dr. Vora then filed a motion to vacate the October 2004 order on November 8, 2004, which the District Court denied on November 17, 2004 on the same grounds it had denied her reconsideration motion. Vora filed a notice of appeal on December 16, 2004.

First, Vora's notice of appeal from the order dismissing the petition for removal is clearly untimely under Fed. R. App. P. 4(a)(1), as it was filed over 1 month too late. The time-period prescribed for filing a notice of appeal is "mandatory and jurisdictional."

2

Browder v. Director of Dep't of Corr., 434 U.S. 257, 264 (1978).  In a civil case in which the United States is not a party, a notice of appeal must be filed within thirty (30) days of the date of entry of the final judgment or order appealed.  Fed. R. App. P. 4(a)(1)(A).  On September 9, 2004, the District Court granted in forma pauperis and dismissed the Vora's removal petition pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of jurisdiction. Appellant's timely motion to vacate, construed as a reconsideration motion, tolled the appeals period because it was filed less than ten days after entry of the dismissal order. See Fed. R. App. P. 4(a)(4).  The District Court denied the reconsideration motion on October 27, 2004.  Appellant had until November 26, 2004, to file a timely notice of appeal.  Appellant did not file a notice of appeal until December 16, 2004, more than thirty days after entry of judgment.  Accordingly, given the absence of a timely filed notice of appeal, the appeal of the District Court's September 9, 2004 order is dismissed for lack of appellate jurisdiction.[1]  Vora's appeal of the orders denying the motion for reconsideration and the motion to vacate is timely, however, and thus, we have jurisdiction to consider the appeal of these orders.

Vora was granted leave to proceed in forma pauperis, and the appeal is now before the Court for determination pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B), the Court must dismiss an appeal if it (i) is frivolous or malicious, (ii) fails

---

[1]  We have considered Vora's arguments contained in her jurisdictional response filed on April 7, 2005, and find them to be meritless.

to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that the District Court correctly denied the both motions to vacate. Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).